**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

MATTHEW C. OSKOWIS, individually
and on behalf of E.O.,

             Plaintiff-Appellant,

v.

SEDONA OAK-CREEK UNIFIED
SCHOOL DISTRICT, # 9,

             Defendant-Appellee.

</td><td>

No.    19-17265

D.C. No. 3:17-cv-08070-DWL

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Matthew C. Oskowis appeals pro se the district court's order awarding

attorneys' fees to the Sedona Oak-Creek Unified School District, # 9 (the "School

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

District"), under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). We review a district court's decision to award attorneys' fees under IDEA for abuse of discretion, determining first whether the district court identified the correct legal rule and second whether the court's application of this legal rule to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1243–44 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by awarding attorneys' fees to the School District. The district court identified and applied the correct law, which permits the court to award reasonable attorneys' fees to a prevailing educational agency against a parent whose "complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III); *see also R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011) (requiring "a showing of both frivolousness and an improper purpose" for a school district to recover attorneys' fees from a parent). The district court's findings that the School District was the prevailing party, Oskowis's causes of action were frivolous, and Oskowis's action was brought for the improper purposes

2

of harassing the School District and driving up litigation costs were amply supported by the record. The district court properly considered and rejected Oskowis's arguments that his claims were not frivolous or presented for an improper purpose.

Oskowis waived his argument that an ALJ may not dismiss a due process complaint for failure to state a claim without holding a hearing because he conceded before the district court that such dismissal is proper. We do not consider his arguments that are made for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The joint motion to clarify the scope of the supplemental excerpts of record, Dkt. No. 31, is DENIED.

**AFFIRMED.**